UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VITRO AMERICA, INC. d/b/a BINSWANGER GLASS                                    PLAINTIFF

Case No. 07-5150

vs.

DIXIE CONSTRUCTION, LLC; BEN ISRAEL; NANCY
ISRAEL; PRIME PROPERTY INVESTMENTS, LLC;
NEXT CHAPTER RESOURCES, LLC; COMMERCE
PARK II, LLC; JOHN P. MARINONI AND ELIZABETH
F. MARINONI, CO-TRUSTEES OF THE ELIZABETH F.
MARINONI 2006 REVOCABLE TRUST AGREEMENT
u/t/d/ JUNE 2, 2006; JOHN P. MARINONI AND
ELIZABETH F. MARINONI, CO-TRUSTEES OF THE
JOHN P. MARINONI 2006 REVOCABLE TRUST
AGREEMENT utd JUNE 2, 2006; CHAMBERS BANK
OF NORTH ARKANSAS; TOM MUCCIO; CAMPBELL
ELECTRIC, INC.; OBERLENDER, L.L.C. d/b/a AMO
ELECTRIC SUPPLY COMPANY; WESCHE COMPANY
OF ARKANSAS, INC.; FLYNT & SON HARDWOOD,
INC.; JOHNSON MECHANICAL CONTRACTORS, INC.;
PROFESSIONAL AIR SYSTEMS, LLC; KITCHEN
DISTRIBUTORS, INC.; and BUILT-WELL
CONSTRUCTION COMPANY                                                         DEFENDANTS

ANSWER TO COMPLAINT
FOR JUDGMENTS AND FORECLOSURE OF MATERIALMAN'S LIEN

Comes now separate defendant, Chambers Bank of North Arkansas ("Chambers"), by and through its attorneys, Friday, Eldredge & Clark, LLP, and for its Answer to the Complaint for Judgments and Foreclosure of Materialman's Lien (the "Complaint") of Vitro America, Inc. d/b/a Binswanger Glass ("Plaintiff"), states as follows:

1.      Paragraph 1 contains statements of law and legal conclusions which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore those allegations are denied.

2. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore those allegations are denied.

3. Upon information and belief, Chambers admits the allegations contained in Paragraph 3 of the Complaint.

4. Upon information and belief, Chambers admits that Ben Israel is a citizen and resident of Washington County, Arkansas and that he entered into a contract whereby he guaranteed payment of certain debts to Plaintiff and others. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, those allegations are denied. Chambers further states that any claim or interest of Ben Israel in the property subject to the Complaint is inferior in right to the interest of Chambers.

5. Upon information and belief, Chambers admits the allegations contained in Paragraph 5 of the Complaint.

6. Upon information and belief, Chambers admits that Prime Properties Investment, LLC ("Prime Properties") is a limited liability company organized and existing under the laws of the State of Nevada. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, those allegations are denied. Chambers further states that any claim of Prime Properties is subject to the mortgage interest of Chambers.

7. Upon information and belief, Chambers admits that Next Chapter Resources, L.L.C. ("Next Chapter") is a limited liability company organized and existing under the laws of the State of Arkansas, and that Next Chapter maintains its principal place of business in

Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, those allegations are denied. Chambers further states that any claim of Next Chapter is subject to the mortgage interest of Chambers.

8. Upon information and belief, Chambers admits the allegations contained in Paragraph 8 of the Complaint, stating, however, that any interest of Commerce Park II, LLC is subject to the mortgage interest of Chambers.

9. Upon information and belief, Chambers admits the allegations contained in Paragraph 9 of the Complaint, stating, however, that any interest of the John P. Marinoni 2006 Revocable Trust, u/t/d June 2, 2006 and the Elizabeth F. Marinoni 2006 Revocable Trust Agreement, u/t/d June 2, 2006 (together, the "Trust") in the real property described in the Complaint were obtained from John P. and Elizabeth F. Marinoni, individually (collectively with the Trust, "Marinoni"), without the knowledge or consent of Chambers. Further, any interest of Marinoni is subject to the Mortgage interest of Chambers.

10. Chambers admits the allegations contained in the first two sentences of Paragraph 10 of the Complaint and further states that the Chambers' right, title, and interest to the underlying property is superior to any right, title, and interest claimed by Vitro in the underlying property pursuant to, without limitation, that certain agreement dated May 10, 2007, and which was referenced in the Complaint and all other applicable law.

11. Upon information and belief, Chambers admits that Tom Muccio is a citizen and resident of Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the

Complaint and, therefore, those allegations are denied. Chambers further states that any claim of Tom Muccio is inferior in right to the interest of Chambers.

12. Paragraph 12 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Campbell Electric, Inc. ("Campbell") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Campbell is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Campbell and Chambers, in addition to all other applicable Arkansas law.

13. Paragraph 13 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Oberlender, LLC, d/b/a AMO Electric Supply Company ("AMO") is a limited liability company organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Benton County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of AMO is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between AMO and Chambers, in addition to all other applicable Arkansas law.

14. Paragraph 14 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Wesche Company of Arkansas, Inc.

("Wesche") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Wesche is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Wesche and Chambers, in addition to all other applicable Arkansas law.

15.  Paragraph 15 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Flynt & Son Hardwood, Inc. ("Flynt") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Flynt is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Flynt and Chambers, in addition to all other applicable Arkansas law.

16.  Paragraph 16 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Professional Air Systems, LLC ("Professional Air") is a limited liability company organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of

Professional Air is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Professional Air and Chambers, in addition to all other applicable Arkansas law.

17. Paragraph 17 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Kitchen Distributors, Inc. is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Kitchen Distributors, Inc. is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Kitchen Distributors, Inc. and Chambers, in addition to all other applicable Arkansas law.

18. Paragraph 18 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Johnson Mechanical Contractors, Inc. ("Johnson Mechanical") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Johnson Mechanical is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Johnson Mechanical and Chambers, in addition to all other applicable Arkansas law.

19. Paragraph 19 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Built-Well Construction Company ("Built-Well") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Benton County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Built-Well is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Built-Well and Chambers, in addition to all other applicable Arkansas law.

20. Paragraph 20 contains statements and conclusions of law which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, those allegations are denied.

21. Upon information and belief, Chambers admits the allegations contained in Paragraph 21 of the Complaint.

22. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, those allegations are denied.

23. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, those allegations are denied.

24. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, those allegations are denied.

25. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, those allegations are denied.

26. Paragraph 26 contains legal conclusions which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, those allegations are denied.

27. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, those allegations are denied.

28. Paragraph 28 contains legal conclusions which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, those allegations are denied.

29. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, those allegations are denied.

30. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, those allegations are denied.

31. Paragraph 31 contains legal conclusions and demands for relief which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and, therefore, those allegations are denied.

32. Chambers denies any and all other allegations contained in Plaintiff's Complaint, including Plaintiff's prayer for relief.

### Affirmative Defenses

33. Chambers adopts and fully incorporates Paragraphs 1-32 of the Answer as set forth above.

34. Plaintiff has failed to state a claim as to Chambers and its claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

35. By and through its mortgage lien, Chambers claims a right, title, and interest to the underlying property that forms the basis of the present suit, said interest being superior and enjoying priority over any right, claim, or interest asserted by Vitro, or any other party.

36. As alleged herein, Vitro has previously acknowledged the validity, enforceability, and priority of Chambers' lien and interest in the subject property and, therefore, Vitro should be estopped from denying the same or asserting otherwise.

37. As alleged herein, Vitro has previously acknowledged the validity, enforceability, and priority of Chambers' lien and interest in the subject property and, therefore, Vitro has waived any claim of priority relative to the right, title, and interest of Chambers.

WHEREFORE, for the above-stated reasons, Chambers Bank of North Arkansas respectfully requests that the Plaintiff's Complaint for Judgments and Foreclosure of Materialman's Lien be dismissed, or in the alternative, that the right, title, and interest of

Plaintiff be adjudicated inferior to the right, title, and interest of Chambers Bank of North Arkansas, for costs and attorney's fees associated with the defending of this action, and for all other relief deemed appropriate by this Court.

Respectfully submitted,

Jason N. Bramlett, AB # 2002140
Seth M. Haines, AB # 2004068
FRIDAY, ELDREDGE & CLARK, LLP
3425 North Futrall Drive
Fayetteville, Arkansas 72703-4811
Telephone: (479) 695-1107
Facsimile: (479) 695-2147

*Attorneys for Chambers Bank of North Arkansas*

By: /s/ Jason N. Bramlett
    Jason N. Bramlett, Ark. Bar # 2002140

## CERTIFICATE OF SERVICE

I, Jason N. Bramlett, hereby certify that I have served a copy of the foregoing upon the following person, via first class mail, on this 11th day of September, 2007:

Jason H. Wales
Everett & Wales
P.O. Box 8370
Fayetteville, Arkansas 72703

/s/ Jason N. Bramlett

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VITRO AMERICA, INC. d/b/a BINSWANGER GLASS                     PLAINTIFF

Case No. 07-5150

vs.

DIXIE CONSTRUCTION, LLC; BEN ISRAEL; NANCY
ISRAEL; PRIME PROPERTY INVESTMENTS, LLC;
NEXT CHAPTER RESOURCES, LLC; COMMERCE
PARK II, LLC; JOHN P. MARINONI AND ELIZABETH
F. MARINONI, CO-TRUSTEES OF THE ELIZABETH F.
MARINONI 2006 REVOCABLE TRUST AGREEMENT
u/t/d/ JUNE 2, 2006; JOHN P. MARINONI AND
ELIZABETH F. MARINONI, CO-TRUSTEES OF THE
JOHN P. MARINONI 2006 REVOCABLE TRUST
AGREEMENT utd JUNE 2, 2006; CHAMBERS BANK
OF NORTH ARKANSAS; TOM MUCCIO; CAMPBELL
ELECTRIC, INC.; OBERLENDER, L.L.C. d/b/a AMO
ELECTRIC SUPPLY COMPANY; WESCHE COMPANY
OF ARKANSAS, INC.; FLYNT & SON HARDWOOD,
INC.; JOHNSON MECHANICAL CONTRACTORS, INC.;
PROFESSIONAL AIR SYSTEMS, LLC; KITCHEN
DISTRIBUTORS, INC.; and BUILT-WELL
CONSTRUCTION COMPANY                                          DEFENDANTS

ANSWER TO COMPLAINT
FOR JUDGMENTS AND FORECLOSURE OF MATERIALMAN'S LIEN

Comes now separate defendant, Chambers Bank of North Arkansas ("Chambers"), by and through its attorneys, Friday, Eldredge & Clark, LLP, and for its Answer to the Complaint for Judgments and Foreclosure of Materialman's Lien (the "Complaint") of Vitro America, Inc. d/b/a Binswanger Glass ("Plaintiff"), states as follows:

1. Paragraph 1 contains statements of law and legal conclusions which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore those allegations are denied.

2. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore those allegations are denied.

3. Upon information and belief, Chambers admits the allegations contained in Paragraph 3 of the Complaint.

4. Upon information and belief, Chambers admits that Ben Israel is a citizen and resident of Washington County, Arkansas and that he entered into a contract whereby he guaranteed payment of certain debts to Plaintiff and others. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, those allegations are denied. Chambers further states that any claim or interest of Ben Israel in the property subject to the Complaint is inferior in right to the interest of Chambers.

5. Upon information and belief, Chambers admits the allegations contained in Paragraph 5 of the Complaint.

6. Upon information and belief, Chambers admits that Prime Properties Investment, LLC ("Prime Properties") is a limited liability company organized and existing under the laws of the State of Nevada. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, those allegations are denied. Chambers further states that any claim of Prime Properties is subject to the mortgage interest of Chambers.

7. Upon information and belief, Chambers admits that Next Chapter Resources, L.L.C. ("Next Chapter") is a limited liability company organized and existing under the laws of the State of Arkansas, and that Next Chapter maintains its principal place of business in

Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, those allegations are denied. Chambers further states that any claim of Next Chapter is subject to the mortgage interest of Chambers.

8.   Upon information and belief, Chambers admits the allegations contained in Paragraph 8 of the Complaint, stating, however, that any interest of Commerce Park II, LLC is subject to the mortgage interest of Chambers.

9.   Upon information and belief, Chambers admits the allegations contained in Paragraph 9 of the Complaint, stating, however, that any interest of the John P. Marinoni 2006 Revocable Trust, u/t/d June 2, 2006 and the Elizabeth F. Marinoni 2006 Revocable Trust Agreement, u/t/d June 2, 2006 (together, the "Trust") in the real property described in the Complaint were obtained from John P. and Elizabeth F. Marinoni, individually (collectively with the Trust, "Marinoni"), without the knowledge or consent of Chambers. Further, any interest of Marinoni is subject to the Mortgage interest of Chambers.

10.   Chambers admits the allegations contained in the first two sentences of Paragraph 10 of the Complaint and further states that the Chambers' right, title, and interest to the underlying property is superior to any right, title, and interest claimed by Vitro in the underlying property pursuant to, without limitation, that certain agreement dated May 10, 2007, and which was referenced in the Complaint and all other applicable law.

11.   Upon information and belief, Chambers admits that Tom Muccio is a citizen and resident of Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the

3

Complaint and, therefore, those allegations are denied. Chambers further states that any claim of Tom Muccio is inferior in right to the interest of Chambers.

12. Paragraph 12 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Campbell Electric, Inc. ("Campbell") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Campbell is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Campbell and Chambers, in addition to all other applicable Arkansas law.

13. Paragraph 13 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Oberlender, LLC, d/b/a AMO Electric Supply Company ("AMO") is a limited liability company organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Benton County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of AMO is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between AMO and Chambers, in addition to all other applicable Arkansas law.

14. Paragraph 14 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Wesche Company of Arkansas, Inc.

("Wesche") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Wesche is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Wesche and Chambers, in addition to all other applicable Arkansas law.

15.   Paragraph 15 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Flynt & Son Hardwood, Inc. ("Flynt") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Flynt is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Flynt and Chambers, in addition to all other applicable Arkansas law.

16.   Paragraph 16 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Professional Air Systems, LLC ("Professional Air") is a limited liability company organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of

Professional Air is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Professional Air and Chambers, in addition to all other applicable Arkansas law.

17.     Paragraph 17 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Kitchen Distributors, Inc. is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Kitchen Distributors, Inc. is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Kitchen Distributors, Inc. and Chambers, in addition to all other applicable Arkansas law.

18.     Paragraph 18 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Johnson Mechanical Contractors, Inc. ("Johnson Mechanical") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Washington County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Johnson Mechanical is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Johnson Mechanical and Chambers, in addition to all other applicable Arkansas law.

19. Paragraph 19 contains a request for relief which does not require an answer. Upon information and belief, Chambers admits that Built-Well Construction Company ("Built-Well") is a corporation organized and existing under the laws of the State of Arkansas that maintains its principal place of business in Benton County, Arkansas. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, those allegations are denied. Chambers further states upon information and belief that any claim of Built-Well is inferior in right to the interest of Chambers pursuant to, without limitation, a certain agreement entered into between Built-Well and Chambers, in addition to all other applicable Arkansas law.

20. Paragraph 20 contains statements and conclusions of law which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, those allegations are denied.

21. Upon information and belief, Chambers admits the allegations contained in Paragraph 21 of the Complaint.

22. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, those allegations are denied.

23. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, those allegations are denied.

24. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, those allegations are denied.

25. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, those allegations are denied.

26. Paragraph 26 contains legal conclusions which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, those allegations are denied.

27. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, those allegations are denied.

28. Paragraph 28 contains legal conclusions which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, those allegations are denied.

29. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, those allegations are denied.

30. Chambers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, those allegations are denied.

31.     Paragraph 31 contains legal conclusions and demands for relief which do not require an answer. To the extent an answer is required, Chambers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and, therefore, those allegations are denied.

32.     Chambers denies any and all other allegations contained in Plaintiff's Complaint, including Plaintiff's prayer for relief.

### Affirmative Defenses

33.     Chambers adopts and fully incorporates Paragraphs 1-32 of the Answer as set forth above.

34.     Plaintiff has failed to state a claim as to Chambers and its claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

35.     By and through its mortgage lien, Chambers claims a right, title, and interest to the underlying property that forms the basis of the present suit, said interest being superior and enjoying priority over any right, claim, or interest asserted by Vitro, or any other party.

36.     As alleged herein, Vitro has previously acknowledged the validity, enforceability, and priority of Chambers' lien and interest in the subject property and, therefore, Vitro should be estopped from denying the same or asserting otherwise.

37.     As alleged herein, Vitro has previously acknowledged the validity, enforceability, and priority of Chambers' lien and interest in the subject property and, therefore, Vitro has waived any claim of priority relative to the right, title, and interest of Chambers.

WHEREFORE, for the above-stated reasons, Chambers Bank of North Arkansas respectfully requests that the Plaintiff's Complaint for Judgments and Foreclosure of Materialman's Lien be dismissed, or in the alternative, that the right, title, and interest of

9

Plaintiff be adjudicated inferior to the right, title, and interest of Chambers Bank of North Arkansas, for costs and attorney's fees associated with the defending of this action, and for all other relief deemed appropriate by this Court.

               Respectfully submitted,

               Jason N. Bramlett, AB # 2002140
               Seth M. Haines, AB # 2004068
               FRIDAY, ELDREDGE & CLARK, LLP
               3425 North Futrall Drive
               Fayetteville, Arkansas 72703-4811
               Telephone: (479) 695-1107
               Facsimile: (479) 695-2147

               *Attorneys for Chambers Bank of North Arkansas*

            By: /s/ Jason N. Bramlett
               Jason N. Bramlett, Ark. Bar # 2002140

## CERTIFICATE OF SERVICE

  I, Jason N. Bramlett, hereby certify that I have served a copy of the foregoing upon the following person, via first class mail, on this 11th day of September, 2007:

Jason H. Wales
Everett & Wales
P.O. Box 8370
Fayetteville, Arkansas 72703

               /s/ Jason N. Bramlett

10