UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **VITRO AMERICA, INC. d/b/a BINSWANGER GLASS** | **PLAINTIFF** |

Case No. 07-5150

vs.

| | |
|---|---|
| **DIXIE CONSTRUCTION, LLC; et al.** | **DEFENDANTS** |
| **CAMPBELL ELECTRIC, INC.** | **COUNTER-CLAIMANT** |
| | **CROSS-CLAIMANT AND** |
| vs. | **THIRD PARTY PLAINTIFF** |
| **DIXIE CONSTRUCTION, LLC; et al.** | **CROSS-DEFENDANTS** |
| **DIXIE DEVELOPMENT, INC., et al.** | **THIRD PARTY DEFENDANTS** |
| **CHAMBERS BANK OF NORTH ARKANSAS** | **COUNTER-CLAIMANT** |
| | **CROSS-CLAIMANT AND** |
| vs. | **THIRD PARTY PLAINTIFF** |
| **VITRO AMERICA, INC. d/b/a BINSWANGER GLASS** | **COUNTER-DEFENDANT** |
| **DIXIE MANAGEMENT & INVESTMENT LIMITED PARTNERS; BEN ISRAEL; NANCY ISRAEL; PRIME PROPERTY INVESTMENTS, LLC; NEXT CHAPTER RESOURCES, LLC; COMMERCE PARK II, LLC; JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE ELIZABETH F. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d/ JUNE 2, 2006; JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE JOHN P. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d JUNE 2, 2006; TOM MUCCIO; CAMPBELL ELECTRIC, INC.; FLYNT & SON HARDWOOD, INC.; JOHNSON MECHANICAL CONTRACTORS, INC.; KITCHEN DISTRIBUTORS, INC.; and BUILT-WELL CONSTRUCTION COMPANY** | **CROSS-DEFENDANTS** |

(continued on next page)

MOTION FOR LEAVE TO SERVE DISCOVERY UPON
THIRD-PARTY DEFENDANTS – Page 1 of 5

27124:0184\616727.1

| | |
|---|---|
| **CHAMBERS BANK OF NORTH ARKANSAS** | **THIRD-PARTY PLAINTIFF** |
| vs. | |
| **THE BENNY BERT ISRAEL REVOCABLE TRUST, u/t/d JUNE 17, 1997; THE NANCY KAYE ISRAEL REVOCABLE TRUST, u/t/d JUNE 17, 1997; NANCY S. MUCCIO; THE MUCCIO JOINT REVOCABLE TRUST, u/t/d AUGUST 25, 1999; THOMAS FATH; NORIKO FATH; THOMAS R. RHYNE; JOANNE W. RHYNE; DAVID TRZECIAK; TAMARA TRZECIAK; THREEJACK, LLC; DON MOBLEY; CLAUDIA MOBLEY; M AND R INVESTMENTS, LLC; CONCRETE SERVICES OF NORTHWEST ARKANSAS, INC.; DAVID OLAND, d/b/a DAVID OLAND WOODWORKING; DUNK FIRE & SECURITY, INC.; DON MOBLEY, d/b/a MOBLEY ARCHITECTS, INC.; STONE PANELS, INC.; NATIONAL HOME CENTERS, INC.; OTIS ELEVATOR COMPANY; HUTCHENS CONSTRUCTION COMPANY; OAKS BROTHER'S, INC.; MILLER COMMERCIAL FLOORING, INC.; DAVID TIPTON, d/b/a TIPTON CONSTRUCTION; FELIX THOMSON COMPANY; C & C INDUSTRIAL & COMMERCIAL CLEARNING SERVICES, LLC; BLEW LAND SURVEYING, INC, d/b/a BLEW AND ASSOCIATES, INC.; METRO BUILDERS SUPPLY OF ROGERS, INC.; AMERICAN AIR CONDITIONING & MECHANICAL, INC.; THE UNITED STATES OF AMERICA** | **THIRD-PARTY DEFENDANTS** |

## MOTION FOR LEAVE TO SERVE DISCOVERY UPON THIRD-PARTY DEFENDANTS

Comes now Chambers Bank of North Arkansas ("Chambers Bank"), and for its Motion for Leave to Serve Discovery Upon Third-Party Defendants (the "Motion to Serve Discovery"), respectfully states as follows:

1. On Friday, March 7, 2008, Chambers Bank filed its Amended Answer to Counterclaim, Cross-Claim And Third Party Complaint of Campbell Electric, And

Counterclaim, Cross-Claim And Third Party Complaint of Chambers Bank (the "Third-Party Complaint") [docket no. 90] in which it seeks to foreclose its interest in the property that is the subject of this proceeding (the "Property"). In doing so, Chambers Bank asserted its rights against each party claiming an interest in the property and against each borrower and guarantor owing indebtedness to Chambers Bank relating to the Property (the "Chambers' Third-Parties").

2. Prior to the filing of the Third Party Complaint, the existing parties to the present action entered their Rule 26(f) Report (the "26(f) Report") [docket no. 70].

3. After the filing of the 26(f) Report, this Court entered its Final Scheduling Order on November 20, 2007 (the "Scheduling Order") [docket no. 71].

4. Pursuant to the Scheduling Order, the discovery deadline in the present matter is June 6, 2008.

5. Federal Rule of Civil Procedure 26(d) states that "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

6. Because the Chambers' Third-Parties were not parties at the time of the 26(f) Report, Chambers Bank is without sufficient information to determine whether the Chambers' Third Parties will object to the deadlines set forth in the 26(f) Report or resulting Scheduling Order. However, in an effort to avoid delay, Chambers Bank respectfully requests that, upon confirmation of service of the Chambers' Third-Parties, this Court allow Chambers Bank leave to submit discovery to the Chambers' Third-Parties.

7. Granting Chambers' Motion to Serve Discovery will assist the parties in maintaining the dates set forth in the 26(f) Report and the Scheduling Order.

WHEREFORE, for the above stated reasons, Chambers Bank respectfully requests that this Court grant it leave to serve the Chambers' Third-Parties with discovery upon confirmation of service of the Third-Party Complaint to said Third-Party Defendants.

        Respectfully submitted,

        Jason N. Bramlett, AB # 2002140
        Seth M. Haines, AB # 2004068
        FRIDAY, ELDREDGE & CLARK, LLP
        3425 North Futrall Drive
        Fayetteville, Arkansas 72703-4811
        Telephone: (479) 695-1107
        Facsimile: (479) 695-2147

        *Attorneys for Chambers Bank of North Arkansas*

        By:/s/ Jason N. Bramlett
            Jason N. Bramlett, Ark. Bar # 2002140

**CERTIFICATE OF SERVICE**

    I, Jason N. Bramlett, hereby certify that a copy of the foregoing was served upon each party entitled to receive electronic notice via the CM/ECF on this 14TH day of March, 2008:

                                          /s/ Jason N. Bramlett