IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


VITRO AMERICA, INC. d/b/a
BINSWANGER GLASS                                              PLAINTIFF


     V.                    CIVIL NO. 07-5150


DIXIE CONSTRUCTION, LLC, *et al.*                            DEFENDANTS


## **MEMORANDUM OPINION AND ORDER**

Currently before the Court are Motions for Partial Summary Judgment filed by Kitchen Distributors (Doc. 228), Plaintiff (Doc. 233), Campbell Electric and Built-Well Construction (Doc. 238), the Marinonis (Doc. 243 & 249), Next Chapter Resources (Doc. 252) and Prime Property Investments (Doc. 254).

**A. Background**

This case arises out of the construction of a commercial office building known as Commerce Park II (the Property) in Fayetteville, Arkansas, and owned by Commerce Park II, LLC (CP II); Next Chapter Resources, LLC (NCR); Prime Property Investments, LLC (Prime); John P. Marinoni and Elizabeth F. Marinoni (collectively, the Owners). Chambers Bank of North Arkansas (Chambers) loaned the Owners $10,135,000.00 to acquire the property and construct an office building. The Loan was guaranteed by Dixie Management & Investment Limited Partners

(Dixie Management); Ben Israel, Nancy Israel, Tommy Muccio, Nancy Muccio, Thomas Fath, and Noriko Fath (collectively, the Guarantors)[1]. The Owners subsequently defaulted on the loan, and this litigation ensued.

Dixie Construction, LLC, was the general contractor. Numerous subcontractors and material providers filed liens against the property after failing to receive payment for their services, to include, Vitro America, Inc. d/b/a Binswanger Glass (Vitro); Campbell Electric, Inc. (Campbell); Kitchen Distributors, Inc. (Kitchen); Built-Well Construction Company (Built-Well) and National Home Centers, Inc. (NHC).

In an effort to satisfy the lien claimants, CP II, Dixie Construction, Dixie Development, Inc.; Dixie Management; Ben Israel, Nancy Israel, Elite Title and Chambers entered into Lockbox Agreements with some of the lien claimants to obtain permanent financing to complete construction and pay the lien claimants. However, financing was not obtained, and the lien claimants were not paid in accordance with the Lockbox Agreements.

## B. Standard of Review

In determining whether summary judgment is appropriate, the Court must view the facts and inferences in the light most

---

[1] Other guarantors previously settled their claims.

favorable to the non-moving party. *See Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986).

### C. Vitro America, Inc. d/b/a Binswanger Glass Motion for Partial Summary Judgment (Doc. 233)

Vitro requests the Court rule as a matter of law that (1) its materialman's lien was properly perfected under Arkansas law and constitutes a valid lien against the Property; (2) Vitro is entitled to a judgment in the amount of $292,870.92 against CP II, Dixie Construction, Ben Israel and Nancy Israel pursuant to the terms of the construction contract and the Lockbox Agreement; (3) the Lockbox Agreement does not give Chambers' mortgage lien priority over Vitro's lien; and (4) Vitro is entitled to summary judgment on Chambers' counterclaim, to include Chambers' request for attorneys' fees.

Prime and the Marinonis responded to Vitro's Motion (Docs. 333, 334, 336, 337, 339 and 340) and contend the liens filed by the Lien Claimants (Vitro, Campbell, Built-Well and Kitchen) are invalid for failing to comply strictly with the Arkansas Materialman's Lien Statutes. Specifically, they contend Vitro

Page 3 of 9

failed to comply with Ark. Code Ann. § 18-44-115(e)(2)(C)(i) requiring a Commercial Notice to contain a general description of the labor, service or materials furnished by the potential lien claimant and failed to properly effect service on all of the Property owners, specifically, NCR.

The Court has been advised that Vitro has settled its claims with Chambers, and the Court DENIES AS MOOT the portions of Vitro's Motion (Doc. 233) pertaining to Chambers. Further, the Court finds that Vitro's lien was filed in accordance with Arkansas law. *See* (Doc. 234, Ex. H).

Vitro also moves for summary judgment in connection with the breach of the construction contract and Lockbox Agreement against CP II, Dixie Construction and the Israels. These parties failed to respond to Vitro's Motion, and do not contest liability. Accordingly, the motion (Doc. 233) is GRANTED as to the breach of the construction contract and Lockbox Agreement, and Vitro is entitled to judgment in the amount of $292,870.92 against Ben and Nancy Israel, CP II and Dixie Construction.

**D. Kitchen Distributors' Motion for Partial Summary Judgment (Doc. 228)**

Kitchen contends the Court should enter judgment in its favor for $90,976.23 against Dixie Construction, LLC and the Dixie and Israel Defendants for breach of contract and breach of guaranty agreement. These defendants did not respond to Kitchen's Motion.

Prime and the Marinonis contend that Kitchen's lien is

invalid for failing to comply with the notice requirement in Ark. Code Ann. § 18-44-114(b) (Docs. 333, 334, 336, & 340). Chambers responds to state that a grant of summary judgment as to Kitchen's breach of contract claims do not resolve the issue of the validity, amount or priority of Kitchen's lien.

Kitchen does not move for summary judgment on the validity and enforceability of its lien. However, the Court finds that Kitchen is entitled to summary judgment on its claims for breach of contract and breach of guaranty against CP II, Dixie Construction, Dixie Management and Investment, Dixie Development and the Israels in the amount of $90,976.23.

### E. Campbell and Built-Well's Joint Motion for Partial Summary Judgment (Doc. 238)

Campbell and Built-Well move for summary judgment on the following: (1) on Count VI of Chambers' counterclaim for attorney's fees pursuant to Ark. Code Ann. § 18-44-128; (2) on Count III of Chambers' counterclaim for declaratory judgment regarding the terms of the Lockbox Agreements, in that the agreements do not entitle Chambers to priority; (3) on Counts IV and V of Chambers' cross-claims against Campbell and on Count I of its counterclaim against Built-Well; (4) Campbell and Built-Well's claims against the Israels, Commerce Park, II; Dixie Construction, Dixie Development and Dixie Management for breach of the Lockbox Agreements; and (5) that Campbell and Built-Well's materialmen's liens are valid, enforceable and undisputed in

amount.

Prime and the Marinonis contend Campbell and Built-Well did not comply with the statutory requirements due to certain Lockbox Agreements that purported to waive these requirements. (Docs. 333-36, 338 & 340). However, Prime asserts that it, as well as other property owners, were not parties to the Lockbox Agreements and cannot be bound by them, and the liens are invalid.

The Court has been advised that Campbell and Built-Well have settled their claims with Chambers, and the Court DENIES AS MOOT the portions of the Motion (Doc. 238) pertaining to Chambers. Further, the Court finds that Campbell and Built-Well's liens were filed in accordance with Arkansas law. *See* (Doc. 238, Ex. 1 & 2).

Campbell and Built-Well also move for summary judgment in connection with the breach of the construction contract and Lockbox Agreement against the Israels, CP II; Dixie Construction, Dixie Development and Dixie Management. These parties did not respond to the Motion, and do not contest liability. Accordingly, the motion (Doc. 238) is GRANTED as to the breach of the construction contract and Lockbox Agreement, and Campbell and Built-Well are entitled to judgment in the amount of $281,917.48, plus costs of $10,998.14 and $249,637.48, plus costs of $4,726.54, respectively, against Ben and Nancy Israel, CP II, Dixie Development, Dixie Management and Dixie Construction.

AO72A
(Rev. 8/82)

**F. NCR, the Muccios, Prime and the Marinonis' Motions for Partial Summary Judgment (Docs. 243, 249, 252 & 254)**

NCR, the Muccios, Prime and the Marinonis bring their Motions against Vitro, Campbell, Kitchen, Built-Well and NHC. The moving parties contend that the Lockbox Agreements executed by these Lien Claimants are invalid as they, as property owners, did not give their approval for the execution of such agreements. Further, the moving parties seek judgment in their favor on the unjust enrichment claims asserted by Vitro, Professional, Campbell, Built-Well, Kitchen and NHC stating a subcontractor cannot recover from a property owner for unjust enrichment when a valid and enforceable contract exists between the subcontractor and the general contractor. *See Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101 (Ark. 2005).

The moving parties contend that the Lockbox Agreements violate the Statute of Frauds by waiving the timing restrictions associated with filing liens, the agreements continued in perpetuity, contained a promise to pay over $10,000 and that they had no knowledge of them. Further, the moving parties contend there was no agency relationship between them and the other signatories.

Vitro contends its lien is valid as its Lockbox Agreement did not purport to waive any of the statutory requirements. Vitro, Kitchen, NHC, Campbell and Built-Well contend they complied with the statutory requirements when filing their lien, and that they

can pursue their unjust enrichment claims as the *Servewell* case provided an exception in that the subcontractor could recover on an unjust enrichment claim against the landowner despite the existence of a written contract with the general contractor if the owner has agreed to pay the general contractor's debt or if the circumstances surrounding the parties' dealings can be found to have given rise to an obligation to pay. *See Servewell*, 210 S.W.3d at 112. The Lien Claimants contend the owners, through their agent, Ben Israel, agreed to pay the contractors' debt to the subcontractors.

The Court finds that the evidence shows that at the very least, Mr. Israel had apparent authority to bind the owners of Commerce Park to the Lockbox Agreements and that the presence of the construction contracts does not prohibit the Lien Claimants from pursuing their unjust enrichment claims. Accordingly, the motions (Docs. 243, 249, 252 & 254) are DENIED.

### G. Conclusion

Vitro's Motion (Doc. 233) is GRANTED IN PART AND DENIED IN PART; Kitchen's Motion (Doc. 228) is GRANTED; Campbell and Built-Well's Motion (Doc. 238) is GRANTED IN PART AND DENIED IN PART; and NCR, the Muccios, Prime and the Marinonis' Motions (Docs. 243, 249, 252, & 254) are DENIED. The unjust enrichment claims remain set for a bench trial on August 6, 2008.

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 4th day of August 2008.

                                             /s/ Robert T. Dawson
                                             Honorable Robert T. Dawson
                                             United States District Judge

AO72A
(Rev. 8/82)