IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| VITRO AMERICA, INC. d/b/a BINSWANGER GLASS | PLAINTIFF |
| vs.   Case No. 07-5150 | |
| DIXIE CONSTRUCTION, LLC; et al. | DEFENDANTS |
| CAMPBELL ELECTRIC, INC. | COUNTER-CLAIMANT CROSS-CLAIMANT AND THIRD PARTY PLAINTIFF |
| vs. | |
| DIXIE CONSTRUCTION, LLC; et al. | CROSS-DEFENDANTS |
| DIXIE DEVELOPMENT, INC., et al. | THIRD PARTY DEFENDANTS |
| CHAMBERS BANK OF NORTH ARKANSAS | COUNTER-CLAIMANT CROSS-CLAIMANT AND THIRD PARTY PLAINTIFF |
| vs. | |
| VITRO AMERICA, INC. d/b/a BINSWANGER GLASS | COUNTER-DEFENDANT |
| DIXIE MANAGEMENT & INVESTMENT LIMITED PARTNERS; BEN ISRAEL; NANCY ISRAEL; PRIME PROPERTY INVESTMENTS, LLC; NEXT CHAPTER RESOURCES, LLC; COMMERCE PARK II, LLC; JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE ELIZABETH F. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d JUNE 2, 2006; JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE JOHN P. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d JUNE 2, 2006; TOM MUCCIO; CAMPBELL ELECTRIC, INC.; FLYNT & SON HARDWOOD, INC.; KITCHEN DISTRIBUTORS, INC.; and BUILT-WELL CONSTRUCTION COMPANY | CROSS-DEFENDANTS |
| CHAMBERS BANK OF NORTH ARKANSAS | THIRD-PARTY PLAINTIFF |
| vs. | |
| THE BENNY BERT ISRAEL REVOCABLE TRUST, u/t/d JUNE 17, 1997; THE NANCY KAYE ISRAEL REVOCABLE TRUST, u/t/d JUNE 17, 1997; NANCY S. | |

| | |
|---|---|
| MUCCIO, THE MUCCIO JOINT REVOCABLE TRUST, u/t/d AUGUST 25, 1999; THOMAS FATH; NORIKO FATH; THOMAS R. RHYNE; JOANNE W. RHYNE; DAVID TRZECIAK; TAMARA TRZECIAK; THREEJACK, LLC; DON MOBLEY; CLAUDIA MOBLEY; M AND R INVESTMENTS, LLC; CONCRETE SERVICES OF NORTHWEST ARKANSAS, INC.; DAVID OLAND, d/b/a DAVID OLAND WOODWORKING; DUNK FIRE & SECURITY, INC.; DON MOBLEY, d/b/a MOBLEY ARCHITECTS, INC.; STONE PANELS, INC.; NATIONAL HOME CENTERS, INC.; OTIS ELEVATOR COMPANY; HUTCHENS CONSTRUCTION COMPANY; OAKS BROTHER'S, INC.; MILLER COMMERCIAL FLOORING, INC.; DAVID TIPTON, d/b/a TIPTON CONSTRUCTION; FELIX THOMSON COMPANY; C & C INDUSTRIAL & COMMERCIAL CLEANING SERVICES, LLC; BLEW LAND SURVEYING, INC., d/b/a BLEW AND ASSOCIATES, INC.; METRO BUILDERS SUPPLY OF ROGERS, INC.; AMERICAN AIR CONDITIONING & MECHANICAL, INC.; THE UNITED STATES OF AMERICA | |
| NATIONAL HOME CENTERS, INC. | CROSS CLAIMANT<br>COUNTER CLAIMANT |
| vs. | |
| CHAMBERS BANK OF NORTH ARKANSAS, BEN ISRAEL, NANCY ISRAEL, DIXIE MANAGEMENT AND INVESTMENT LIMITED PARTNERS, COMMERCE PARK II, LLC, DIXIE CONSTRUCTION, LLC, DIXIE DEVELOPMENT, INC., JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE JOHN P. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d JUNE 2, 2006, AND CO-TRUSTEES OF THE ELIZABETH F. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d JUNE 2, 2006, TOM MUCCIO, PRIME PROPERTY, INVESTMENTS, LLC, NEXT CHAPTER RESOURCES, LLC, VITRO AMERICA, INC. d/b/a BINSWANGER GLASS, CAMPBELL ELECTRIC, INC., CONCRETE SERVICES OF NORTHWEST ARKANSAS, INC., DAVID OLAND d/b/a DAVID OLAND WOODWORKING, FLYNT & SON HARDWOOD, INC., KITCHEN DISTRIBUTORS, INC., JOHNSON MECHANICAL | COUNTER DEFENDANTS<br>CROSS DEFENDANTS |

2

CONTRACTORS, INC., BUILT-WELL CONSTRUCTION
COMPANY, DUNK FIRE & SECURITY, INC., DON
MOBLEY d/b/a MOBLEY ARCHITECTS, INC., STONE
PANELS, INC., OTIS ELEVATOR COMPANY, HUTCHENS
CONSTRUCTION COMPANY, OAKS BROTHER'S INC.,
MILLER COMMERCIAL FLOORING, INC.,
DAVID TIPTON d/b/a TIPTON CONSTRUCTION,
FELIX THOMPSON COMPANY, C&C INDUSTRIAL &
COMMERCIAL CLEANING SERVICES, LLC, BLEW LAND
SURVEYING, INC. d/b/a BLEW AND ASSOCIATES, INC.,
METRO BUILDERS SUPPLY OF ROGERS, INC.,
AMERICAN AIRE CONDITIONING & MECHANICAL, INC.,
the UNITED STATES OF AMERICA, PROFESSIONAL AIR
SYSTEMS, LLC, OBERLENDER, LLC d/b/a AMO ELECTRIC
SUPPLY COMPANY, and WESCHE COMPANY OF
ARKANSAS, INC.

## JUDGMENT

Based upon the pleadings, the exhibits, the evidence presented, and the settlement agreement of the parties that has been enforced by the Court, the Court hereby finds and rules as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, and *in personam* jurisdiction over the parties. Venue is also proper in this Court.

2. The Real Property which is the subject of this action is located in Washington County, Arkansas.

3. National Home Centers, Inc. ("NHC") is a corporation organized and existing under the laws of Arkansas, with its principal place of business in Springdale, Washington County, Arkansas.

4. Ben Israel is an individual, whose residence is located in Washington County, Arkansas.

5. Nancy Israel is an individual, whose residence is located in Washington County, Arkansas.

3

6. Dixie Management and Investment Limited Partners ("Dixie Management") is a Limited Partnership organized and existing under the laws of the state of Arkansas, with its principal place of business in Fayetteville, Washington County, Arkansas.

7. Dixie Construction, LLC ("Dixie Construction"), is a limited liability company organized and existing under the laws of the state of Arkansas, with its principal place of business in Fayetteville, Washington County, Arkansas.

8. Dixie Development, Inc. ("Dixie Development"), is a corporation organized and existing under the laws of the state of Arkansas, with its principal place of business in Fayetteville, Washington County, Arkansas.

9. Commerce Park II, LLC ("Commerce Park") is a limited liability company organized and existing under the laws of the state of Arkansas, with its principal place of business in Fayetteville, Washington County, Arkansas.

10. The commercial construction project at issue in this case is located at 2049 E. Joyce Boulevard, Fayetteville, Arkansas 72703 and is commonly known and referred to as Commerce Park II.

11. On or about April 27, 2000, Ben Israel, as President and on behalf of Dixie Development, requested a credit account at NHC, and in doing so, signed NHC's standard Business Credit Application and Indemnity Agreement ("NHC Contract").

12. In reliance on the terms and conditions of the NHC Contract, NHC set up a credit account ("Account") for Dixie Development, who along with its agents, began charging amounts to the Account for its various jobs.

13. Ben Israel personally guaranteed all obligations on the Account by signing the NHC Contract as an individual guarantor.

14. At Ben Israel's request, NHC set up a separate "job" under the Account which pertained to the construction of various improvements on Commerce Park II.

15. NHC sold and delivered ceratin materials, supplies, and labor, which were used in the construction of certain improvements on and to Commerce Park II.

16. Despite NHC's full and timely performance of all of its obligations under the NHC Contract, Dixie Development failed and refused to pay in full and in a timely manner NHC's invoices for labor, materials and supplies, which were used to construct improvements on Commerce Park II, in the amount of $75,673.31.

17. On May 23, 2007, NHC gave Notice of its intention to file a Materialman's Lien on Commerce Park II to Dixie Construction, Dixie Development, John Marinoni, Elizabeth Marinoni, and Commerce Park.

18. On or about May 24, 2007, Dixie Construction, Dixie Development, Ben Israel, Nancy Israel, Dixie Management, Commerce Park, Elite Title and NHC executed a Conditional Lien Release and Lockbox Agreement ("Lockbox Agreement").

19. Pursuant to the Lockbox Agreement and contemporaneous with its execution, NHC signed a Waiver of Lien, on or about June 1, 2007, for and in consideration of the payment of $31,901.01 to NHC.

20. Dixie Development, Dixie Construction, Ben Israel and Nancy Israel acknowledged and agreed that, as of the date of the Lockbox Agreement and without considering its terms, Dixie Development, Dixie Construction, Ben Israel, and Nancy Israel are jointly and severally indebted to NHC in the amount of $43,772.30, plus accrued interest, which amount represents the outstanding debt owed to NHC for the labor, materials and supplies actually provided to and used in connection with improvements to Commerce Park II.

21. NHC has since received a payment of $10,943.08, leaving a balance of $32,829.22, plus accrued interest.

Pursuant to the Lockbox Agreement, NHC should be and is hereby granted JUDGMENT against Ben Israel, Nancy Israel, Commerce Park, Dixie Construction, Dixie Development, and Dixie Management, jointly and severally, in the total amount of $79,575.48, which amount includes the principal sum of $32,829.22, accrued interest as of August 27, 2008 of $4,304.89, and attorneys' fees and costs of $42,441.37, with post-judgment interest to accrue on the entire Judgment in the amount of 2.33% per annum until paid.

IT IS SO ORDERED.

/s/ Robert Dawson
HONORABLE ROBERT DAWSON
UNITED STATES DISTRICT JUDGE

September 3, 2008
DATE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 0 3 2008

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK