IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| VITRO AMERICA, INC. d/b/a BINSWANGER GLASS | PLAINTIFF |
| Case No. 07-5150 | |
| vs. | |
| DIXIE CONSTRUCTION, LLC; et al. | DEFENDANTS |
| CAMPBELL ELECTRIC, INC. | COUNTER-CLAIMANT CROSS-CLAIMANT AND THIRD PARTY PLAINTIFF |
| vs. | |
| DIXIE CONSTRUCTION, LLC; et al. | CROSS-DEFENDANTS |
| DIXIE DEVELOPMENT, INC., et al. | THIRD PARTY DEFENDANTS |
| CHAMBERS BANK OF NORTH ARKANSAS | COUNTER-CLAIMANT CROSS-CLAIMANT AND THIRD PARTY PLAINTIFF |
| vs. | |
| VITRO AMERICA, INC. d/b/a BINSWANGER GLASS | COUNTER-DEFENDANT |
| DIXIE MANAGEMENT & INVESTMENT LIMITED PARTNERS; BEN ISRAEL; NANCY ISRAEL; PRIME PROPERTY INVESTMENTS, LLC; NEXT CHAPTER RESOURCES, LLC; COMMERCE PARK II, LLC; JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE ELIZABETH F. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d/ JUNE 2, 2006; JOHN P. MARINONI AND ELIZABETH F. MARINONI, CO-TRUSTEES OF THE JOHN P. MARINONI 2006 REVOCABLE TRUST AGREEMENT u/t/d JUNE 2, 2006; TOM MUCCIO; CAMPBELL ELECTRIC, INC.; FLYNT & SON HARDWOOD, INC.; JOHNSON MECHANICAL CONTRACTORS, INC.; KITCHEN DISTRIBUTORS, INC.; and BUILT-WELL CONSTRUCTION COMPANY | CROSS-DEFENDANTS |

(continued on next page)

| | |
|---|---|
| CHAMBERS BANK OF NORTH ARKANSAS | THIRD-PARTY PLAINTIFF |
| vs. | |
| THE BENNY BERT ISRAEL REVOCABLE TRUST, u/t/d JUNE 17, 1997; THE NANCY KAYE ISRAEL REVOCABLE TRUST, u/t/d JUNE 17, 1997; NANCY S. MUCCIO; THE MUCCIO JOINT REVOCABLE TRUST, u/t/d AUGUST 25, 1999; THOMAS FATH; NORIKO FATH; THOMAS R. RHYNE; JOANNE W. RHYNE; DAVID TRZECIAK; TAMARA TRZECIAK; THREEJACK, LLC; DON MOBLEY; CLAUDIA MOBLEY; M AND R INVESTMENTS, LLC; CONCRETE SERVICES OF NORTHWEST ARKANSAS, INC.; DAVID OLAND, d/b/a DAVID OLAND WOODWORKING; DUNK FIRE & SECURITY, INC.; DON MOBLEY, d/b/a MOBLEY ARCHITECTS, INC.; STONE PANELS, INC.; NATIONAL HOME CENTERS, INC.; OTIS ELEVATOR COMPANY; HUTCHENS CONSTRUCTION COMPANY; OAKS BROTHER'S, INC.; MILLER COMMERCIAL FLOORING, INC.; DAVID TIPTON, d/b/a TIPTON CONSTRUCTION; FELIX THOMSON COMPANY; C & C INDUSTRIAL & COMMERCIAL CLEANING SERVICES, LLC; BLEW LAND SURVEYING, INC, d/b/a BLEW AND ASSOCIATES, INC.; METRO BUILDERS SUPPLY OF ROGERS, INC.; AMERICAN AIR CONDITIONING & MECHANICAL, INC.; THE UNITED STATES OF AMERICA | THIRD-PARTY DEFENDANTS |

## ORDER

Comes Now the court upon the Motion For Award of Costs And Attorneys' Fees [Docket No. 412] ("Chambers' Fee Motion") filed by Chambers Bank of North Arkansas ("Chambers Bank"), and hereby orders and decrees as follows:

1. The present matter (the "Lawsuit") arises from a large commercial foreclosure upon that certain property more commonly referred to as the Commerce Park II building (the

2

"Property")[1], said lawsuit commenced by Vitro America, Inc., d/b/a Binswanger Glass ("Vitro") on August 22, 2007.

2. On March 7, 2008, Chambers Bank filed its Amended Answer to Counterclaim, Cross-Claim And Third Party Complaint of Campbell Electric, And Counterclaim, Cross-Claim And Third Party Complaint of Chambers Bank (the "Chambers Counterclaim") [Docket No. 90]. Within the Chambers Counterclaim, Chambers Bank instituted action against various third-parties, including additional Lien Claimants and the Guarantors of the indebtedness. After the filing of the Chambers Counterclaim, the Lawsuit included no less than 49 parties, including a total of 24 Lien Claimants.

3. Throughout the course of this Lawsuit, many of the Lien Claimants contested the priority of the mortgage interest of Chambers Bank. As a result, Chambers Bank was required to expend considerable effort in regards to discovery, including written discovery, document review and production, and depositions of representatives of Chambers Bank and other parties in the case.

4. Counsel for Chambers Bank was also required to engage in extensive drafting of pleadings, including separate dispositive motions against the Lien Claimants and the Borrowers and Guarantors. Chambers Bank was required to respond to numerous motions, as well as attend a settlement conference and a pretrial conference, among other things.

5. There is little doubt that this case was a difficult, labor intensive one for all involved.

6. The Court cannot say that Chambers Bank's requested attorneys' fees and costs are unreasonable.

---

[1] All undefined capitalized terms to have the same meaning as set forth in previous pleadings.

3

7. No Borrower or Guarantor objected to Chambers' Fee Motion within the relevant time provided pursuant to the Federal Rules of Civil Procedure.

8. As per the Order of this Court dated August 1, 2008 [Docket No. 377], this Court has previously ruled that Chambers Bank is entitled to costs and attorneys' fees against the Borrowers and Guarantors for litigating title to the property that formed the subject matter of this lawsuit. This Court further finds that Chambers Bank is further entitled to costs and attorney's fees against the Borrowers and Guarantors for its efforts in obtaining a decree of foreclosure against the Borrowers and Guarantors, said costs and attorney's fees being awarded pursuant to Ark. Code Ann. § 16-22-308.

9. Accordingly, Chambers' Fee Motion is hereby GRANTED, and this Court awards Chambers Bank attorney's fees in the amount of $214,508.19 and costs in the amount of $10,427.66.

IT IS HEREBY ORDERED.

This day of 4th September, 2008.

_____
Honorable Robert T. Dawson

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 0 4 2008

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK